————o————

No. 6114.

## CAROLINE HOMBERGER, WIDOW OF N. AMANN, vs. JOSEPH DANTONIO.

### Syllabus.

A lessee who abandons the leased premisees before the expiration of the lease becomes at once bound for the rent for the remainder of the lease.

Appeal from the Civil District Court for the Parish of Orleans, Division "E," No. 105,932. Hon. G. H. Theard, Judge.

Theo. Cotonio, for plaintiff and appellee.

Sullivan, Landry & Heath, for defendant and appellant.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

This is a suit for rent. Plaintiff leased defendant certain premises for the term beginning February 15, 1913, and ending February 14, 1914, payable monthly at the rate of $21 a month. On October 5, 1913, defendant removed the furniture from the leased premises and abandoned them. Plaintiff filed this suit the next day, claiming judgment for rent for the months ending respectively, October 15, November 15, December 15, January 15, and February 15, $105 in all, with ten per cent attorney's fees, and obtained a provisional seizure.

The defendant admitted the lease, but denied that the rent was due and exigible and denied his liability for attorney's fees; he admitted the removal of the furniture and the abandonment of the premises but denied that it was done to deprive the lessor of his privilege, but "only by reason of the fact that he had engaged in the barroom and grocery business across the street," and he deposited in Court the rent for the months ending October 15 and November 15.

He alleged that the leased premises were closed by the Board of Health for a day and a half, that the premises are in a dilapidated condition, that his wife and daughter both sustained falls by reason of the bad condition of the premises, that he was damaged by the filing of the suit in the sum of $1,000.00, and that he was entitled to recover of plaintiff $250 for defending his suit, and he prayed that plaintiff's suit be dismissed and for judgment in his favor against the plaintiff for $1,250 and for a decree annulling the lease.

Upon the trial of the case plaintiff offered in evidence the lease and the admissions contained in defendant's answer. He objected to any evidence on the part of defendant on the ground that they disclosed no legal de-

fense. The objection was maintained and judgment was entered for plaintiff as prayed for.

Defendant has appealed, and plaintiff has asked for damages for frivolous appeal.

There is no doubt that plaintiff was entitled to a judgment. The removal of the furniture from the leased premises justified the seizure. C. P., 287.

A tenant who abandons premises before the expiration of the lease becomes at once bound for the rent of the whole term.

2 N. S., 451; 13 La., 194; 20 An., 539.

Attorneys fees were due under the terms of the lease "in case it becomes necessary to place claim in the hands of an attorney for collection."

45 A., 791 (797).

The defenses were without merit The accident to his wife and daughter is vague and indefinite. He did not put the lessor in default for repairing the property, and he could not recover damages for the suit filed against him nor for defending it.

The appeal appears to us frivolous.

It is therefore ordered that the judgment be affirmed with the ten per cent damages on $105.00 and all costs of this appeal.

Opinion and decree, June 1, 1914.

Rehearing refused, June 30, 1914.